1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                        EASTERN DISTRICT OF CALIFORNIA

8

9    JAMIE MARTINEZ, an individual,          No. 2:25-cv-00795-DJC-CKD

10                   Plaintiff,

11        v.                                 **<u>ORDER</u>**

12   CONAGRA FOODS PACKAGRED
     FOODS, LLC, Delaware limited
13   liability company, and DOES 1-100,
     inclusive
14
                     Defendants.
15

16

17        This case concerns alleged civil rights violations committed by employer and

18   Defendant Conagra Foods against employee and Plaintiff Jamie Martinez.  Conagra

19   brings a Motion for Judgment on the Pleadings (ECF No. 16), which argues that

20   Martinez cannot properly advance his claims because he has not complied the

21   California Fair Employment and Housing Act's requirement that he exhaust his

22   administrative remedies before filing a complaint.  For the reasons discussed below,

23   the Court GRANTS Defendants' motion in full.

24                                  **FACTS**

25        Martinez began working for Conagra in November 2018 and was last employed

26   as a Materials Warehouse Supervisor.  (ECF No. 1, Notice of Removal containing

27   Complaint, ¶¶ 8, 9.)  Martinez suffers from anxiety and stress, which leaves him

28   disabled.  (*Id.* ¶ 10.)  In July 2023, Martinez went on personal leave from work and

                                        1

1    sought treatment for stress and anxiety.  (*Id.* ¶ 11.)  Around this time, Martinez's

2    medical providers ordered him on medical leave for his disability.  (*Id.*)  Martinez

3    provided the necessary documentation to Conagra, and his leave was approved.  (*Id.*)

4         Over the next few months, Martinez continued to provide updates and

5    documentation to Conagra about the status of his leave and whether he had been

6    cleared to return to work.  (*Id.* ¶ 12.)  In June 2024, Martinez submitted documentation

7    regarding his disability from his medical providers to Conagra's human resources

8    department; his leave had been extended to July 23, 2024.  (*Id.* ¶ 13.)  A

9    representative of Conagra's human resources department acknowledged receipt of

10   the documentation and did not raise any issues with the status of Martinez's leave at

11   that time.  (*Id.*)  Conagra terminated Martinez's employment on July 19, 2024, which

12   Conagra indicated was due to a "violation of the attendance policy."  (*Id.* ¶ 15, 16.)

13   Martinez believes he was terminated because of his disability and use of medical

14   leave.  (*Id.* ¶ 17.)

15        In January 2025, Martinez filed an administrative complaint with the California

16   Civil Rights Department ("CRD").  (ECF No. 16-3, Defendants' Request for Judicial

17   Notice ("RJN"), Ex. A.)[1]  The document attached by Conagra – a Notice of Filing of

18   Discrimination Complaint and a copy of the complaint itself – indicates that the

19   Department gave Martinez a "Right to Sue" letter, although the actual right-to-sue

20   letter is not attached.  (*See id.* ("The complainant has requested an authorization to file

21   a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your

22   records.).)  It appears that the right-to-sue authorization was given automatically, or

23   immediately, after Martinez submitted a form.  (*See id.* (referencing an employee

24   "requesting an immediate right to sue").)

25

26   _____

27   [1] The Court grants Defendants' request for judicial notice.  *See United States v. Ritchie*, 342 F.3d 903,
     908 (9th Cir. 2003) ("A court may, however, consider certain materials–documents attached to the

28   complaint, documents incorporated by reference in the complaint, or matters of judicial notice–without
     converting the motion to dismiss into a motion for summary judgment.").

1    Martinez brings six claims against Defendants.  First, he alleges that Conagra

2  violated the California Family Rights Act ("CFRA") by retaliating against him for taking

3  leave covered by the statute.  (*Id*. ¶¶ 21–33.)  Second, he alleges that Conagra

4  committed disability discrimination in violation of the Fair Housing and Employment

5  Act ("FEHA").  (*Id*. ¶¶ 34–46.)  Third, he asserts that Conagra failed to accommodate

6  his disability.  (*Id*. ¶¶ 47–58.)  Fourth, he alleges that Conagra failed to engage in a

7  good faith interactive process.  (*Id*. ¶¶ 59–63.)  Fifth, he alleges that Conagra retaliated

8  against him in violation of FEHA.  (*Id*. ¶¶ 64–75.)  Sixth, he alleges that Conagra

9  wrongfully terminated him in violation of public policy.  (*Id*. ¶¶ 76–82.)  This case was

10  originally filed in the Stanislaus Superior Court on February 3, 2025.  (*Id*. at 12.)  On

11  March 10, Defendants removed the case to federal court under to the court's diversity

12  jurisdiction.  (*See* ECF No. 1.)  The matter is fully briefed and was submitted on August

13  7, 2025.  (*See* ECF Nos. 20, 23.)

14                                  **LEGAL STANDARD**

15    Federal Rule of Civil Procedure ("Rule") 12(c) provides that, "[a]fter the

16  pleadings are closed – but early enough not to delay trial – a party may move for

17  judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Analysis under Rule 12(c) is

18  substantially identical to analysis under Rule 12(b)(6) because, under both rules, a

19  court must determine whether the facts alleged in the complaint, taken as true, entitle

20  the plaintiff to a legal remedy."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir.

21  2012) (internal quotations omitted).  Thus, "[a] claim has facial plausibility when the

22  plaintiff pleads factual content that allows the court to draw the reasonable inference

23  that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S.

24  662, 678, (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

25    In analyzing a 12(c) motion, the district court "must accept all factual allegations

26  in the complaint as true and construe them in the light most favorable to the non-

27  moving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  However,

28  "[w]hile the court generally must assume factual allegations to be true, it need not

3

1   assume the truth of legal conclusions cast in the form of factual allegations." *United*

2   *States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). "A judgment

3   on the pleadings is properly granted when, taking all the allegations in the non-

4   moving party's pleadings as true, the moving party is entitled to judgment as a matter

5   of law." *Fajardo v. Cnty. of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999).

6                              **DISCUSSION**

7       Conagra argues that Martinez has not exhausted his administrative remedies

8   and therefore is barred from bringing five of his six claims.  His last claim, Conagra

9   argues, must fail because there has been no violation of public policy.

10   **I.**       **Exhaustion of Amdministrative Remedies and Plaintiff's First**

11           **Through Fifth Causes of Action**

12       Conagra's position is that Martinez has failed to exhaust his administrative

13   remedies because, even though he obtained a right-to-sue notice, the underlying

14   administrative complaint does not comprehensively describe the alleged FEHA

15   violations.  (ECF No. 16 at 6.)  Martinez views his administrative complaint and

16   subsequent right-to-sue notice as sufficient to satisfy the requirement that he exhaust

17   his administrative remedies before pursuing litigation.

18       A plaintiff bringing a claim under FEHA must first exhaust their administrative

19   remedies by filing a complaint with CRD.  *Vizcaino v. Areas USA, Inc.*, No. CV 15-417-

20   JFW (PJWx), 2015 WL 13573816, at *2 (C.D. Cal. Apr. 17, 2015); *see* Cal. Gov. Code

21   § 12960.  To satisfy this jurisdictional requirement, an administrative complaint must

22   provide general details of the alleged FEHA violation.  *See* Cal. Gov. Code § 12960(c).

23   The California Code of Regulations requires that in order "[t]o obtain an immediate

24   right-to-sue notice via the [CRD's] automated right-to-sue system or by submitting a

25   completed right-to-sue notice packet to the department, an aggrieved person shall

26   file a right-to-sue-complaint with the department containing the following: . . . (3) a

27   description of the alleged acts or actions of discrimination, harassment or retaliation;

28   (4) the date or dates each alleged act of discrimination, harassment or retaliation

occurred, including the data of the last or most recent alleged act . . . [and] (6) for retaliation complaint, the dates and type of protected activity in which the complainant engaged.  Cal. Code Regs. tit. 2, § 10005(d).

While Martinez has obtained a right-to-sue notice, the underlying administrative complaint appears noncompliant with the requirement that he specify the facts of the alleged FEHA claim.  District courts have dismissed claims similar to Martinez's for failure to properly document the context and facts in an administrative complaint.  For example, in *Tonoyan v. Western Refining Retail, LLC*, a similar FEHA case, the court found that the plaintiff's FEHA claims were deficient because the underlying administrative complaint "fails to set forth any facts supporting Plaintiff's FEHA claims." No. 219CV08728ABASX, 2020 WL 13132899, *1 (C.D. Cal. Feb. 5, 2020); *see also Rankins v. United Parcel Serv., Inc.*, No. 3:23-CV-05785-JSC, 2024 WL 1707245, *5 (N.D. Cal. Apr. 19, 2024) ("Plaintiff's 2022 complaint does not satisfy the administrative exhaustion requirement under California law because it fails to provide any relevant factual details that would allow [CRD] to investigate the claims alleged in her complaint.").  The underlying complaint in *Tonoyan* is strikingly similar to the one before the court now.  For example, Tonoyan's administrative complaint levied the following allegations:

- "Complainant was harassed because of complainant's sexual orientation, sexual harassment-hostile environment."
- "Complainant was discriminated against because of complainant's sexual orientation, sexual harassment-hostile environment and as a result of the discrimination was terminated, asked impermissible non-job-related questions, denied a work environment free of discrimination and/or retaliation."
- "Complainant experienced retaliation because complainant reported or resisted any form of discrimination or harassment and as a result was

1               terminated, asked impermissible non-job-related questions, denied a

2               work environment free of discrimination and/or retaliation."

3 (219CV08728ABASX, ECF No. 14-3, Ex. A.)

4 Martinez's administrative complaint is similar.  He alleges:

5      •  "Complainant was discriminated against because of complainant's disability

6         (physical, intellectual/developmental, mental health/psychiatric), family care

7         and medical leave (cfra) related to serious health condition of employee or

8         family member, child bonding, or military exigencies and as a result of the

9         discrimination was terminated, denied any employment benefit or privilege,

10        denied accommodation for a disability, denied family care and medical leave

11        (cfra) related to serious health condition of employee or family member, child

12        bonding, or military exigencies."

13      •  Complainant experienced retaliation because complainant requested or used a

14         disability-related accommodation, requested or used family care and medical

15         leave (cfra) related to serious health condition of employee or family member,

16         child bonding, or military exigencies and as a result was terminated, denied any

17         employment benefit or privilege, denied accommodation for a disability,

18         denied family care and medical leave (cfra) related to serious health condition

19         of employee or family member, child bonding, or military exigencies."

20 (RJN Ex. A.)

21       Neither administrative complaint sets forth any facts substantiating the

22 complainant's claims.  From reading Martinez's complaint filed with CRD, the Court is

23 unclear as to what constitutes the alleged discrimination or retaliation.  However,

24 while the Court generally agrees with Conagra's framing of the complaint, the Court

25 disagrees with Conagra's view that the complaint does not list a date or describe the

26 kind of protected activity being conducted by Martinez.  (*See* ECF No. 16 at 8.)  The

27 complaint lists a date of when the alleged incident(s) occurred ("on or about July 19,

28 2024") and describes the protected action he took ("because of complainant's

1    disability . . . [and use of] family care and medical leave . . .").  (RJN Ex. A.)  But

2    ultimately, Martinez's complaint relies on conclusory allegations that leave the agency

3    and Defendants in the dark about whether the claim is viable or supported by

4    evidence.  Martinez's complaint – like the complaint in *Tonoyan* – does not satisfy the

5    administrative exhaustion requirement and therefore cannot be a basis for Martinez's

6    FEHA claims in federal court.

7         Martinez argues that this Court should construe his requirements "liberally to

8    accomplish the statutory purpose of assisting employees to pursue compensation for

9    deprivation of their civil rights."  (ECF No. 22 at 3.)  While the Court is sympathetic to

10   the need to provide remedies to those who have suffered civil rights violations, the

11   issue of exhausting administrative remedies is jurisdictional and precludes any action

12   by the Court.  *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 70 (2000) ("Exhaustion

13   of *administrative* remedies is a jurisdictional prerequisite to resort to the courts.")

14   (internal quotations omitted).  Accordingly, Martinez's FEHA claims (causes of actions

15   one through five) must be dismissed.

16        **II.    Public Policy and Plaintiff's Sixth Cause of Action**

17        Plaintiff levies a sixth cause of action that his wrongful termination is in violation

18   of common law public policy.  "The elements of a claim for wrongful discharge in

19   violation of public policy are (1) an employer-employee relationship, (2) the employer

20   terminated the plaintiff's employment, (3) the termination was substantially motivated

21   by a violation of public policy, and (4) the discharge caused the plaintiff harm."  *Yau v.*

22   *Santa Margarita Ford, Inc.*, 229 Cal. App. 4th 144, 154 (2014).

23        Here, it is not contested that there was an employer-employee relationship

24   between the parties, and that the employer terminated the plaintiff's employment.

25   But, Martinez has not established that his termination was motived by a violation of

26   public policy.  His related FEHA claims are not properly before this Court and

27   therefore cannot serve as the basis for his public policy violation claim.  Accordingly,

28   this claim must fail.

7

1

### III.    Leave to Amend

2        Generally, the Ninth Circuit has a liberal policy favoring amendments and thus

3 leave to amend should be freely granted.  *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*,

4 957 F.2d 655, 658 (9th Cir. 1992).  However, a Court does not need to grant leave to

5 amend in cases where the Court determines that permitting a plaintiff to amend

6 would be an exercise in futility.  *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829

7 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion

8 where the pleadings before the court demonstrate that further amendment would be

9 futile.").

10        Here, the Court will not allow leave to amend.  Further amendment would be

11 futile.  That is because a properly articulated administrative complaint must be filed

12 *before* any litigation.  Any amendment of Martinez's administrative complaint would

13 not relate back and therefore would not salvage his lawsuit in federal court.  *See*

14 *Tonoyan*, 2020 WL 13132899 at *1 ("Plaintiff's amended [CRD] complaint

15 filed *after* Plaintiff initiated this suit does not relate back to his May 13, 2019 complaint

16 because '[t]he relation back doctrine cannot be used to frustrate the intent of the

17 Legislature to require compliance with administrative procedures as a condition to

18 filing an action.'") (quoting *Esparza v. Safeway, Inc.*, 36 Cal. App. 5th 42, 60 (2019), *as*

19 *modified on denial of reh'g* (June 28, 2019)).

20                                    **CONCLUSIONS**

21        Plaintiff's Motion for Judgment on the Pleadings (ECF No. 16) is GRANTED in

22 full.  The Clerk of the Court is DIRECTED to close the case.

23

24        IT IS SO ORDERED.

25 Dated:   **August 21, 2025**

26                                              Hon. Daniel J. Calabretta
                                              UNITED STATES DISTRICT JUDGE

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28