1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                      FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9    JAMIE MARTINEZ,                            No. 2:25-cv-00795-DJC-CKD

10                  Plaintiff,

11   v.                                         ORDER

12   CONAGRA FOODS PACKAGED
13   FOODS, LLC,

14                  Defendant.

15

16          Plaintiff Jamie Martinez brought claims against Defendant ConAgra Foods

17   Packaged Foods, LLC for violations of California's Fair Employment and Housing Act

18   ("FEHA").  This Court granted Defendant's Motion for Judgment on the Pleadings,

19   finding Plaintiff failed to comply with FEHA's requirement that plaintiffs exhaust

20   administrative remedies prior to filing suit.  (ECF No. 24.)  The Court then entered

21   judgment for Defendant.  (ECF No. 25.)  Plaintiff now moves to alter or amend that

22   judgment on the ground that the Court's previous Order committed an error of law.

23   (Mot. (ECF No. 26) at 5.)  For the reasons stated below, Plaintiff's Motion is DENIED.

24                                    **BACKGROUND**

25          Plaintiff Jamie Martinez began working for Conagra Foods in November of

26   2018.  (Not. (ECF No. 1), Ex. A ¶ 8.)  In July of 2023, Plaintiff's medical providers

27   ordered him to take medical leave for anxiety and stress.  (Id. ¶ 11.)  Though Plaintiff

28   continued to provide documentation regarding his disability to Defendant's human

1    resources department and Defendant raised no concerns about Plaintiff's leave,

2    Defendant terminated Plaintiff in July of 2024, purportedly for "violation of the

3    attendance policy." (*Id.* ¶¶ 12–16.)

4         In January 2025, Plaintiff filed an administrative complaint with the California

5    Civil Rights Department ("CRD"). (Order (ECF No. 24) at 2.) In this administrative

6    complaint, Plaintiff identified the protected actions he took, the grounds on which he

7    alleged Defendant discriminated against him, and the date on which these alleged

8    incidents happened. (Order at 6–7.) Plaintiff requested CRD issue him an immediate

9    "right to sue" letter. (Mot. at 3.) In doing so, Plaintiff elected to bypass any CRD

10   investigation into his claims. (*Id.*)

11        Plaintiff then brought civil rights and wrongful termination claims against

12   Defendant in Stanislaus Superior Court. (Not., Ex. A at 1.) Plaintiff alleged Defendant

13   violated the California Family Rights Act ("CFRA") by retaliating against him for taking

14   leave covered by the statute. (*Id.* ¶¶ 21–33.) Plaintiff also alleged Defendant

15   discriminated against him on the basis of disability, retaliated against him, failed to

16   accommodate his disability, and failed to engage in a good faith interactive process,

17   all in violation of FEHA. (*Id.* ¶¶ 34–75.) Finally, Plaintiff alleged Defendant wrongfully

18   terminated him in violation of public policy. (*Id.* ¶¶ 76–82.)

19        Defendant removed the case pursuant to this Court's diversity jurisdiction and

20   moved for a judgment on the pleadings. (Not. at 2; Mot. J. on Pleadings (ECF No.

21   16).) In this Motion, Defendant argued Plaintiff could not properly advance his claims

22   because he had not complied with FEHA's requirement that he exhaust administrative

23   remedies prior to filing a complaint in court. (Mot. J. on Pleadings at 6.) This Court

24   granted Defendant's Motion, holding that, although Plaintiff had obtained a right-to-

25   sue notice, Plaintiff had failed to specify the facts underlying his FEHA claims in his

26   administrative complaint. (Order at 7.) Rather, the Court found Plaintiff's

27   administrative complaint relied solely "on conclusory allegations." (Order at 7.) As

28   FEHA requires Plaintiff's administrative complaint to provide a description of the

1    "alleged acts or actions of discrimination," the Court held Plaintiff failed to exhaust

2    administrative remedies and, therefore, could not bring these claims in federal court.

3    (*Id.* at 4 (quoting Cal. Code Regs. tit. 2, § 10005(d)); *see also id.* (citing Cal. Gov't Code

4    § 12960(c)).)

5           Before the Court is Plaintiff's Motion to Alter or Amend this Court's prior

6    Judgment (ECF No. 25) pursuant to Federal Rule of Civil Procedure 59.  Briefing on

7    this Motion is now complete.  (Mot. (ECF No. 26); Opp'n (ECF No. 27); Reply (ECF No.

8    28)).  Pursuant to Local Rule 230(g), this Motion is submitted without oral argument.

9                                   **LEGAL STANDARD**

10          Under the Federal Rules of Civil Procedure, a party may file a "motion to alter or

11   amend a judgment" within "28 days after the entry of the judgment."  Fed. R. Civ. P.

12   59(e).  "Although Rule 59(e) permits a district court to reconsider and amend a

13   previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the

14   interests of finality and conservation of judicial resources.'"  *Kona Enterprises, Inc. v.*

15   *Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 6 James Wm. Moore, et al.,

16   *Moore's Federal Practice* § 54.78[1] (3d ed. 2000)).  The Ninth Circuit has held a

17   motion to alter or amend judgment under Rule 59(e) is "usually available only when (1)

18   the court committed manifest errors of law or fact, (2) the court is presented with

19   newly discovered or previously unavailable evidence, (3) the decision was manifestly

20   unjust, or (4) there is an intervening change in the controlling law."  *Rishor v. Ferguson*,

21   822 F.3d 482, 491–92 (9th Cir. 2016) (citations omitted).  The district court enjoys

22   considerable discretion in granting or denying the motion.  *See id.* at 492.

23                                     **DISCUSSION**

24          Plaintiff argues this Court should amend its prior judgment on the first ground,

25   namely that the Court committed an error of law.  (Mot. at 5.)  Specifically, Plaintiff

26   argues this Court erred in finding Plaintiff's administrative complaint needed to

27   identify the facts underlying Plaintiff's FEHA allegations because the forms CRD uses

28   to collect information prior to issuing a right-to-sue letter list such information as

                                              3

1   optional.  (*Id.* at 5-6.)  In support of this argument, Plaintiff attaches screenshots of the

2   intake forms and instructions on CRD's website.  (*See* Mot., Exs. A–H.)  These

3   screenshots show that the spaces on these forms asking the filer to "[b]riefly describe

4   what happened" and "[b]riefly describe what you believe to be the reason(s) for the

5   discrimination, harassment, or retaliation" are labeled as optional.  (Mot., Ex. D at 8;

6   Mot., Ex. G at 5.)  Plaintiff argues these forms' designation of this information as

7   "optional" carries the force of regulation that sets "forth the information necessary to

8   obtain an immediate right to sue."  (Mot. at 8.)

9          However, Plaintiff impermissibly attempts to make a new argument based on

10  evidence that could have been submitted to the Court prior to judgment.  Rule 59(e)

11  "may not be used to relitigate old matters, or to raise arguments or present evidence

12  that could have been raised prior to the entry of judgment."  *Exxon Shipping Co. v.*

13  *Baker*, 554 U.S. 471, 485 n.5 (2008).  Plaintiff does not assert that Plaintiff's counsel

14  recently discovered that CRD's forms indicated this information was optional.  Yet at

15  no time prior to this Motion did Plaintiff submit this evidence to the Court or argue this

16  form carried the force of a regulation.  Plaintiff could have presented these facts and

17  this argument to the Court in their Opposition to Defendant's Motion for Judgment on

18  the Pleadings and failed to do so.  *See Banister v. Davis*, 590 U.S. 504, 508 (2020).

19  Therefore, Plaintiff fails to supply a valid basis for altering or amending the judgment.

20                                        **CONCLUSION**

21          Accordingly, Plaintiff's Motion to Alter or Amend Judgment under Rule 59(e)

22  (ECF No. 26) is DENIED.  The hearing scheduled for December 4, 2025, at 1:30 p.m. in

23  Courtroom 7 before District Judge Daniel J. Calabretta is VACATED.

24

25          IT IS SO ORDERED.

26  Dated:  __**December 2, 2025**__

27                                                  Hon. Daniel J. Calabretta
                                                     UNITED STATES DISTRICT JUDGE
28

                                              4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28